IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOM BRAZIEL, Individually and as
Trustee of the TOM AND JEAN BRAZIEL
REVOCABLE GRANTOR TRUST,

       Plaintiff,

vs.                                                                                                  CIV 10-0678 KBM/WPL

JOHN B. LINDSAY, Personally and
MARY KIDWELL and KATHRYN WILLIAMS,
Personally and as Co-Trustees of the JOHN LINDSAY
IRREVOCABLE GRANTOR TRUST,

       Defendants.

## ORDER DENYING MOTIONS TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

THIS MATTER came before the Court on two Motions to Dismiss filed by Defendants Mary Kidwell and Kathryn Williams *(Docs. 8 & 9, respectively)*. Both Defendants contend that this Court lacks personal jurisdiction over them. I have considered the motions, the briefs of the parties and affidavits submitted in connection with these motions. Having also considered the relevant authorities, I find that the motions are not well taken and will be denied.

In 1999, Plaintiff Tom Braziel and Defendant John Lindsay and their spouses purchased the Circle Cross Land and Cattle Co., Inc. ("Circle Cross" or "Ranch") in Otero County. The Amended Complaint alleges that pursuant to a written contract, they incorporated the asset in New Mexico and provided that the initial share distribution would be 85% to Lindsay and 15% to Braziel. Via what appear to be oral amendments to the original agreements, Braziel held 18.6% of the shares as of September 31, 2005 with an agreement that Lindsay would convey to Braziel shares up to a total of 49% interest in the company based upon Braziel's past and

continuing "sweat equity" and other contributions in the Ranch.  Braziel also contends that he was promised first right to buy Lindsay's remaining shares.  Braziel alleges that Lindsay, Kidwell and Williams have conspired to violate the agreements and improperly removed Braziel as an officer, director and employee of Circle Cross.  In essence, Braziel asserts that Defendants have inequitably "squeezed out" the Braziel interests in the Ranch.

On these motions to dismiss, it is important to clarify the present status of the parties.  Braziel's shares in Circle Cross were transferred to the Tom and Jean Braziel Revocable Grantor Trust ("Braziel Trust") as to which he serves a the trustee for the benefit of his family.  Similarly, in 2004, Lindsay's shares were transferred to the John Lindsay Irrevocable Grantor Trust ("Lindsay Trust") of which both Kidwell and Williams serve as co-trustees and beneficiaries.  The Amended Complaint also alleges that both hold themselves out as shareholders of Circle Cross with Kidwell serving as its Secretary.  Neither Kidwell nor Williams are citizens of New Mexico, and they assert that their ties to New Mexico are insufficient to support person jurisdiction over them in this action.[1]

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.,* 375 F.3d 1070, 1075 (10th Cir. 2004) (internal quotations omitted).  Plaintiff relies on the Amended Complaint's allegations, his affidavit testimony and exhibits to

---

[1] The amended complaint brings claims against John Lindsay only in his personal capacity.  There appears to be no dispute that he has sufficient contacts with New Mexico in association with the Ranch to support personal jurisdiction and satisfy due process.

meet this burden.[2]

The parties have exclusively addressed the propriety of exercising personal jurisdiction under the New Mexico Long Arm Statute. In pertinent part, that section provides for personal service outside the State as follows:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
> (1) the transaction of any business within this state;
> (2) the operation of a motor vehicle upon the highways of this state;
> (3) the commission of a tortious act within this state;
> (4) the contracting to insure any person, property or risk located within this state at the time of contracting;
>
> * * * *
>
> C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

N.M. Stat. Ann. § 38-1-16 (1978). "The question of personal jurisdiction over out-of-state residents involves more than a technical 'transaction of any business' or the technical 'commission of a tortious act' within New Mexico. The meaning of those terms, in our statute, is to be equated with the minimum contacts sufficient to satisfy due process." *Tarango v. Pastrana*, 94 N.M. 727, 728, (Ct. App. 1980). " A defendant will be found to have sufficient minimum contacts, satisfying due process, where the defendant has a connection with the forum state and has acted in the state in such a manner that they 'should reasonably anticipate being haled into court there.'" *Tercero v. Roman Catholic Diocese of Norwich, Conn*., 132 N.M. 312,

---

[2] Any concern that the original affidavit technically failed to establish that the testimony was based on "personal knowledge" is moot given the testimony contained in the supplemental affidavit filed with the surreply. *See Doc. 19* at 5-6 (Exh. SR-1).

316, 48 P.3d 50, 54 (N.M. 2002) (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff contends that the Co-Trustees of the Lindsay Trust transacted business within the state and tortiously denied Plaintiff of his property and employment rights associated with Circle Cross.  Exhibit SR-2 to the Surreply purports to be a "Notice of Special Stockholders' Meeting of Circle Cross Land and Cattle Co., Inc. . .  to be held in person or telephonically on July 6, 2010 . . . [in] Alamogordo, New Mexico."  The Notice further sets out that "[t]he purpose of the Special Meeting is for the consideration of the proposition to remove Tom Braziel as director and vice-president of the corporation and to elect a successor. . . ." *Doc. 19* at 7.  The Notice identifies four Co-Trustees for the Lindsay Trust – Martha and John B. Lindsay, Mary Kidwell and Kathryn Elizabeth Williams.  *Id.*   E-mail communications from Defendants' attorney to Counsel for Plaintiff clarify that Mr. Lindsay "is not a trustee of the trust even though he is alleged to be" and that the actual "trustees are Mary Kidwell and Kathryn Williams.  They are listed in the trust documents as co-trustees."  *Id.* at 8-9, Exh. SR-3.

Plaintiff correctly points out that a non-resident need not have been physically present within the state to meet the requirements of the Long Arm Statute.  *See Owen v. Grauer, et al.*, CIV 09-1056 WJ/ACT, *Doc. 16* at 5 (D.N.M. 2010).  "In proper circumstances, even a single letter or telephone call to the forum state may meet due process standards."  *Rambo v. American Southern Ins., Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988), *citing Burger King*, 471 U.S. at 475 n. 18 ("So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction.").

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant.  Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits

4

> and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."

*Id.* at 1417 (*quoting Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010 (1985) (citations omitted). I find that Plaintiff has met this burden establishing a "substantial connection" to this forum.

Moreover, neither side to the present dispute have cited to yet another New Mexico statute directly on point. True,

> the Court has held that the Due Process Clause forbids the exercise of personal jurisdiction over . . . a trustee whose only connection with the forum resulted from the settlor's decision to exercise her power of appointment there, *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In such instances, the defendant has had no "clear notice that it is subject to suit" in the forum and thus no opportunity to "alleviate the risk of burdensome litigation" there. *World-Wide Volkswagen Corp. v. Woodson*, *supra*, 444 U.S., at 297, 100 S.Ct., at 567.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.17 (1985). Here in New Mexico, however, another statute also provides clear notice that by undertaking the obligations of a trustee of a trust with its principal place of administration in this state "submits personally to the jurisdiction of the courts of New Mexico regarding any matter involving the trust." *Emberton v. Rutt*, 2008 W.L. 4093714 (D.N.M. 2008). Specifically Section 46-A-2-202 provides:

> A. *By accepting the trusteeship of a trust having its principal place of administration in this state or by moving the principal place of administration to this state, the trustee submits personally to the jurisdiction of the courts of this state regarding any matter involving the trust.*
> B. With respect to their interests in the trust, the beneficiaries of a trust having its principal place of administration in this state are

>   subject to the jurisdiction of the courts of this state regarding any matter involving the trust. By accepting a distribution from such a trust, the recipient submits personally to the jurisdiction of the courts of this state regarding any matter involving the trust.
>   C. This section does not preclude other methods of obtaining jurisdiction over a trustee, beneficiary or other person receiving property from the trust.

N.M. Stat. Ann. § 46A-2-202 (1978) (emphasis added). Therefore, for the reasons stated above, I find that New Mexico statutes authorize this Court to exercise personal jurisdiction over both Defendants Kidwell and Williams without offending due process.

Wherefore,

**IT IS HEREBY ORDERED** that the Motions to Dismiss filed by Defendants Mary Kidwell and Kathryn Williams *(Docs. 8 & 9, respectively)* are **denied**.

_____
KAREN B. MOLZEN
U.S. MAGISTRATE JUDGE
Presiding by Consent