**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TOM BRAZIEL, Individually and as
Trustee of the TOM AND JEAN BRAZIEL
REVOCABLE GRANTOR TRUST,

      Plaintiff,

v.                                                             CV 10-0678 KBM/WPL

JOHN B. LINDSAY, Personally, and
MARY KIDWELL and KATHRYN WILLIAMS,
Personally and as Co-Trustees of the JOHN
LINDSAY IRREVOCABLE GRANTOR TRUST,

      Defendants.

**ORDER DENYING MOTION TO QUASH SUBPOENAS**

The Defendants have requested that I quash six subpoenas issued on December 8 and 9, 2011 with compliance dates of December 22 and 23, 2011. (Doc. 83; Doc. 83 Exs. 1-6.) As grounds therefore, the Defendants correctly state that my Scheduling Order required all discovery to be completed by the deadline for discovery, originally October 5, 2011 and extended to December 9, 2011. (*Id.*; *see also* Doc. 30 at 1; Doc. 71.) The Plaintiff responded, offering three reasons to support his decision to issue subpoenas with compliance dates after the close of discovery: (1) the order granting an extension of the discovery deadlines (Doc. 71) allowed subpoenas to be issued up to and including December 9, 2011; (2) the subpoenas could not have been issued sooner because the Plaintiff awaited the supplemental responses required by the Order granting his motion to compel (Doc. 72); and (3) quashing the subpoenas would be harmful to the Plaintiff because the Defendants withheld a portion of at least one expert's file. (Doc. 89.) Having reviewed the pleadings and the relevant law, and otherwise being fully advised, I find that the Defendants' motion should be denied.

The issue here is essentially a dispute over language. In the parties' motion requesting an extension of the discovery deadline, they jointly stated that the extension was sought for purposes of completing depositions and issuing subpoenas. (Doc. 79 at 1-2.) That language, allowing an extension of discovery for the limited purposes of "depositions and the issuance of subpoenas," was incorporated in my Order. (Doc. 80 at 2.) However, the Order also said that discovery was to terminate on December 9, 2011. (*Id.*) Thus, the opposing interpretations adopted by the Plaintiff and the Defendants are both supported on the face of the Order.

However, I find the Plaintiff's interpretation more persuasive for two reasons: (1) the language used in the parties' joint motion for an extension (Doc. 79), and (2) equitable considerations. In the joint motion, the parties stated, "This extension is only for the purpose of completing depositions and issuance of subpoenas and the parties agree that no new written discovery shall be served." (*Id.* at 1-2.) The language used by the parties contemplated that the issuance of subpoenas through December 9, 2011 would be permissible. Clearly, a subpoena issued on December 9 could not be complied with until after that date. It would defy logic to conclude that the parties intended for all discovery to be complete by December 9 when they expressly allowed for subpoenas to be issued on December 9. I decline to allow the Defendants to go back on their own language.

In considering the equities at issue, it is clear that the Plaintiff did not have sufficient time to review the supplemental discovery responses, which were court-ordered and due by November 28, 2011 (*see* Doc. 72), and to issue subpoenas with compliance dates prior to December 9, 2011. Quashing these subpoenas, which were issued in early December because of the Defendants' failure to respond adequately to discovery requests and the subsequent intervention by this Court, would

allow the Defendants to circumvent the discovery process. Additionally, the information provided by the Plaintiff, that Ms. Sweetser's file included far more documentation than the Defendants had previously represented, lends credence to the possibility that the Defendants failed to produce requested documents. The Defendants will not be permitted to profit from a failure to disclose relevant information requested by the Plaintiff during discovery.

The Plaintiff has requested that I award attorney's fees and costs incurred in responding to the motion. I have found that both interpretations of my Order granting an extension were plausible, so the Defendants' request that the subpoenas be quashed was justified. *See* FED. R. CIV. P. 37(b)(2)(C). Accordingly, I decline to award costs and fees.

IT IS THEREFORE ORDERED that the motion (Doc. 83) is denied. Because the compliance date of the subpoenas has passed, Plaintiff's counsel is directed to re-issue and re-serve the subpoenas by **January 20, 2012** and to set compliance dates prior to **February 3, 2012**.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

3